930 So.2d 1264 (2005)
Carlos D. THOMAS a/k/a Carlos Thomas, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01940-COA.
Court of Appeals of Mississippi.
December 6, 2005.
Rehearing Denied June 6, 2006.
*1265 Carlos D. Thomas, Appellant, pro se.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. On October 29, 2001, Carlos Thomas plead guilty to the charges of armed robbery and aggravated assault. The charge of possession of a firearm by a convicted felon was "retired." Thomas was sentenced to serve twenty years on the aggravated assault charge and thirty years on the armed robbery charge, with the sentences to run concurrently.
¶ 2. Thomas filed his motion for post-conviction relief on July 22, 2002. On August 8, 2002 Thomas filed a motion to amend his petition, together with his amendments. The trial court found that the defendant set forth three claims in his petition for post-conviction collateral relief, and disregarded the issues in his amended petition, Thomas' motion for post-conviction relief was denied.
¶ 3. On appeal, Thomas asserts the following errors: (1) whether his conviction violates his Fifth Amendment right to be free from double jeopardy, (2) whether his guilty plea was entered voluntarily (3) whether he was denied effective assistance of counsel, and (4) whether his sentence improperly amounts to a life sentence. We find no error and affirm.

STANDARD OF REVIEW
¶ 4. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct. App.2002). However, when issues of law are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS

I. Whether Thomas' Fifth Amendment right to be free from double jeopardy was violated.
¶ 5. The protection from double jeopardy prevents a second prosecution for *1266 the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. Greenwood v. State, 744 So.2d 767, 770 (¶ 14) (Miss.1999). Thomas argues the charges of armed robbery and aggravated assault, based on a single set of events, constitutes double jeopardy. This argument is without merit.
¶ 6. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), established the test to determine whether the double jeopardy bar applies. The Blockburger test states that "[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Id at 304, 52 S.Ct. 180.
¶ 7. Thomas was indicted for aggravated assault and armed robbery. The crime of aggravated assault is defined in Mississippi Code Annotated Section 97-3-7(2) (Rev. 2000):
as attempting to cause serious bodily injury to another, or causing such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or attempting to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or seriously bodily harm.
The crime of armed robbery is defined in Mississippi Code Annotated Section 97-3-79 (Rev.2000):
as the felonious taking or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon.
¶ 8. A criminal defendant may be prosecuted for more than one offense that arises from a single set of facts where each offense requires proof of a different element. Davis v. State, 750 So.2d 552, 563 (¶ 44) (Miss.Ct.App.1999). In Davis, as here, the defendant was charged with both armed robbery and aggravated assault. Id. Davis argued that the counts should have "merged," since they arose from the same set of facts. Id. This Court held that the two separate offenses do not embrace the same elements, and one is not a lesser-included offense of the other. Id. Although the charges arise from the same set of facts, the two offenses are legally separate and distinct crimes. Id.
¶ 9. Aggravated assault does not require the taking or attempt to take property. Armed robbery does not require an attempt to cause bodily injury. As in Davis, Thomas could have been found guilty of armed robbery with out actually shooting the victim. Similarly, Thomas could have been found guilty of aggravated assault without actually taking any property. These two crimes require different elements of proof. Based on Davis, this issue is without merit.

II. Whether Thomas' guilty plea was knowingly, voluntarily, and intelligently entered?
¶ 10. Thomas next claims that he was not informed that his sentence was mandatory, and therefore, he would not be eligible for parole. Because he was not informed that he was ineligible for parole, he argues that he was not fully informed of the effect of his plea.
¶ 11. A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss. 1991). A plea is viewed as voluntary and intelligent when the defendant is informed *1267 of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that a defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self incrimination.
¶ 12. This Court has repeatedly held that a sentencing judge is not required to explain the parole possibilities with a defendant who is pleading guilty. Stewart v. State, 845 So.2d 744, 747(¶ 9) (Miss.Ct.App. 2003); White v. State, 751 So.2d 481, 485(¶ 16) (Miss.Ct.App.1999); Shanks v. State, 672 So.2d 1207, 1208 (Miss.1996); Ware v. State, 379 So.2d 904, 907 (Miss. 1980). The rationale is that whether or not a defendant is eligible for parole is not a consequence of a guilty plea, but a matter of legislative grace. Id. This issue is without merit.

III. Did Thomas receive effective assistance of counsel?
¶ 13. To prove ineffective assistance of counsel, Thomas must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Thomas. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. To overcome this presumption, "the defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result would have been different." Id.
¶ 14. Thomas alleges that he told his court appointed counsel of a psychological disorder and asked her to explore this as a possible defense. He also maintains that he was discharged from the United States Army for reasons related to his mental health and requested that his counsel obtain those records. Thomas claims his counsels failure to pursue an insanity defense, to have him evaluated or to obtain his records from the United States Army constitutes ineffective assistance of counsel.
¶ 15. Thomas offers no evidentiary support for his ineffective assistance claims other than unsubstantiated allegations. In cases involving post-conviction relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Lindsay v. State 720 So.2d 182, 184(¶ 6) (Miss.1998), Covington v. State, 909 So.2d 160, 162(¶ 9) (Miss.Ct. App.2005). This issue is without merit.

IV. Whether the trial court erred by sentencing Thomas to thirty (30) years on the charge of armed robbery?
¶ 16. Thomas argues that a sentence of thirty years amounts to a life sentence. Thomas cites statistics that a black man who was twenty years old in 1996 had a life expectancy of 46.7 years. He does not, however, provide a copy of this mortality table for review. Absent proof in support of a motion, the trial court's decision is presumed correct. Gordon v. State, 349 So.2d 554, 555 (Miss. 1977). It is reasonable to assume that Thomas is misinterpreting this mortality table. It is Thomas' burden to demonstrate some reversible error to this Court. Clark v. State, 503 So.2d 277, 280 (Miss. 1987).
¶ 17. At the time of sentencing, Thomas was twenty-five years old. Upon completion *1268 of his thirty year sentence he will be fifty-five years old, a relatively young man. We find that this issue is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY DENYING PETITION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.