995 So.2d 824 (2008)
Donald Ray EDWARDS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00760-COA.
Court of Appeals of Mississippi.
August 12, 2008.
Rehearing Denied December 9, 2008.
*825 Donald Ray Edwards (pro se), attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., IRVING and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Donald Ray Edwards appeals to this Court pro se from the order of the Circuit Court of Forrest County summarily dismissing his motion for post-conviction relief. On January 30, 2006, Edwards executed a waiver of indictment on the charge of burglary and agreed to allow the State to proceed by criminal information, instead of by indictment. On the same day, Edwards entered a plea of guilty to the crime of burglary. He was sentenced as a habitual offender and ordered to serve a term of seven years in the custody of the Mississippi Department of Corrections, without the possibility of probation, parole, or any form of early release. The trial court dismissed Edwards's motion for post-conviction relief.
¶ 2. Aggrieved, Edwards appeals and argues that (1) his conviction for the crime of burglary was unconstitutional because he was not indicted by a grand jury, and (2) he received ineffective assistance of counsel.

FACTS
¶ 3. On October 14, 2005, Edwards was indicted by a Forrest County grand jury for the crime of robbery as a habitual offender. The indictment alleged that Edwards stole beer from a food mart by placing the female attendant in fear of immediate injury to her person. On January 30, 2006, the State filed the criminal information charging Edwards with the crime of burglary arising out of the same incident. On the same day, Edwards executed a waiver of indictment to the crime of burglary charged in the criminal information and entered a plea of guilty. The trial court accepted Edwards's guilty plea and entered an order of conviction.
¶ 4. On October 27, 2006, Edwards filed a motion for post-conviction relief. In his motion, Edwards claimed that his conviction and sentence were imposed in violation of Article 3, section 27 of the Mississippi Constitution of 1890 because he was never indicted by a grand jury for the crime of burglary. He also alleged that he had received ineffective assistance of counsel.
¶ 5. On May 29, 2007, the trial court entered an order summarily dismissing Edwards's motion pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2000). The trial court determined that Edwards was plainly entitled to no relief and noted that Edwards filed no affidavits in support of his allegations of ineffective assistance. The trial court also found that Edwards's waiver of indictment rendered his conviction based on the criminal information constitutionally permissible. Aggrieved, *826 Edwards now appeals to this Court.

DISCUSSION
¶ 6. The applicable standard of review for a trial court's dismissal of a motion for post-conviction relief is well settled. On appeal, we will not reverse the trial court's denial absent a finding that the trial court's decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712(2) (Miss.Ct.App.2004). A trial court may summarily dismiss a motion for post-conviction relief "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief...." Miss.Code Ann. § 99-39-11(2) (Rev.2007).

1. Indictment
¶ 7. Edwards argues that his conviction for burglary was unconstitutional under Article 3, section 27 of the Mississippi Constitution because he was not indicted by a grand jury for the crime of burglary. Article 3, section 27 of the Mississippi Constitution provides that:
No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military when in actual service, or by leave of court for misdemeanor in office or where a defendant represented by counsel by sworn statement waives indictment [.]
(Emphasis added).
¶ 8. In the instant case, Edwards, represented by counsel, executed a sworn waiver of indictment to the charge of burglary brought against him by criminal information. Therefore, he waived his right to be indicted by a grand jury on the charge of burglary, and the trial judge did not err in so finding. This issue is without merit.

2. Ineffective Assistance of Counsel
¶ 9. Edwards makes numerous assertions regarding his attorney's performance, all of which he claims amounted to ineffective assistance of counsel. However, we may only consider those that were presented to the trial court in his motion for post-conviction relief; the others are procedurally barred. Foster v. State, 716 So.2d 538, 540(9) (Miss.1998). For brevity's sake we will not list the voluminous assertions that are procedurally barred; we will only address the assertions that were presented to the trial court in Edwards's motion for post-conviction relief.
¶ 10. In his motion for post-conviction relief, Edwards claimed that his attorney's performance was ineffective for failing to object to the criminal information on the ground that it "substituted one charge for a new charge not contemplated by the grand jury." He also asserted that his attorney coerced him into pleading guilty. In dismissing Edwards's motion, the trial judge did not specifically address his claim of ineffective assistance. He did find, however, that Edwards failed to offer evidence by affidavit or otherwise to support his allegations and, for that reason, was entitled to no relief.
¶ 11. Our appellate courts routinely hold that post-conviction claims of ineffective assistance are properly dismissed where the defendant offers only his affidavit in support of his allegations. See, e.g., Vielee v. State, 653 So.2d 920, 922 (Miss. 1995) (citations omitted); Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990); Hargett v. State, 864 So.2d 283, 285(8) (Miss.Ct. App.2003); Coleman v. State, 772 So.2d 1101, 1102-03(7) (Miss.Ct.App.2000). A post-conviction-relief motion unsupported by affidavits other than the petitioner's own fails to meet the pleading requirements of Mississippi Code Annotated section *827 99-39-9 and, thus, is deficient on its face and properly dismissed without an evidentiary hearing. See, e.g., Robertson v. State, 669 So.2d 11, 13 (Miss.1996); Brooks, 573 So.2d at 1354.
¶ 12. Edwards offered only his bare assertions as proof that he was denied effective assistance of counsel; he provided no affidavits or proposed testimony of other witnesses to support his contentions. Therefore, we find that the trial judge did not err in summarily dismissing Edwards's claim of ineffective assistance. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.