ISHEE, J.,
for the Court:
¶ 1. On April 22, 2002, Marcus Bates pleaded guilty in the Madison County Circuit Court to two counts of automobile burglary. He was sentenced on each count to five years of imprisonment, with four years suspended, and five years to be served on probation, all within the custody of the Mississippi Department of Corrections (MDOC), and with the sentences to run concurrently. On June 13, 2012, Bates filed a motion for post-conviction relief (PCR), which was dismissed. Bates now appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On October 22, 1998, Bates was indicted for two counts of automobile burglary. He later pleaded guilty to both counts on April 22, 2002. He was sentenced on each count to five years of imprisonment, with four years suspended, and five years to be served on probation, all within the custody of the MDOC, and with the sentences to run concurrently. On October 5, 2002, Bates was placed on supervised probation under the MDOC’s supervision.
¶ 3. In January 2003, Bates was arrested by the Canton Police Department for automobile burglary. Subsequently, the State filed a petition for revocation of Bates’s probation. The hearing was set for April 4, 2003. Bates did not appear. It was later realized that Bates had been arrested and detained by the Madison County Sheriffs Office for possession of cocaine on March 4, 2003. The State amended its petition for revocation to include the later arrest.
¶ 4. On July 24, 2004, Bates was convicted by a jury in the Madison County Circuit Court for possession of cocaine. He was sentenced, as a habitual offender, to eight years to be served in the custody of the MDOC. On July 19, 2004, an order of revocation was entered revoking Bates’s probation from his 2002 automobile-burglary convictions.
¶ 5. On July 13, 2012, Bates filed a PCR motion seeking to vacate and set aside his sentences for his convictions of automobile burglary. He asserted that he did not enter his pleas voluntarily and knowingly, and he was denied due process and effective assistance of counsel. The motion was dismissed on December 14, 2012, as time-barred. Aggrieved, Bates appeals, arguing: (1) he was denied effective assistance of counsel; (2) he did not enter his guilty pleas voluntarily and intelligently; (3) he was denied due process when the circuit court judge failed to recuse himself; (4) there is newly discovered evidence requir *992 ing the vacation of his guilty pleas; (5) the circuit court imposed an illegal sentence.
DISCUSSION
¶ 6. A trial court’s dismissal of a PCR motion will not be disturbed unless the decision was clearly erroneous. Jackson v. State, 67 So.3d 725, 730 (¶ 16) (Miss.2011) (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)). Questions of law are reviewed de novo. Id.
¶ 7. “Under [Mississippi Code Annotated] section 99-39-5(2) [ (Supp. 2013) ], a movant has three years to file a PCR motion, and failure to file a PCR motion within the three years is a procedural bar.” Brandon v. State, 108 So.3d 999, 1004 (¶ 12) (Miss.Ct.App.2013). Bates filed a PCR motion on July 13, 2012, challenging his 2002 guilty pleas for automobile burglary. The three-year statute of limitations expired on April 22, 2005. On its face, it appears that Bates’s PCR motion is time-barred.
¶ 8. Section 99-39-5(2)(a)-(b) provides three exceptions to the general three-year statute of limitations. To be exempt, a movant must show one of the following: (1) an intervening decision of the United States Supreme Court or Mississippi Supreme Court; (2) new evidence, not reasonably discoverable at trial; or (3) his sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. Miss.Code. Ann. § 99-39-5(2)(a)-(b). However, the movant carries the burden of proving that one of the exceptions apply. Brandon, 108 So.3d at 1004 n. 3.
¶ 9. Bates’s only argument regarding an exception to the statutory time-bar is that there is newly discovered evidence in his case. Bates contends that he was not aware at the time he entered his guilty pleas of the fact that Judge William Chapman III was the same person who signed his 1998 indictment for automobile burglary. He argues that, had he known that information at the time, he would not have entered his guilty pleas. However, the record reflects that, prior to the entry of his guilty pleas, Bates waived any conflict he had with Judge Chapman. Further, even if he was not aware, this was evidence that could have been readily discovered at the time he pleaded guilty. Accordingly, Bates’s PCR motion is not subject to an exception and is barred by the three-year statute of limitations. Thus, we affirm the circuit court’s judgment.
¶10. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT.