# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-02059-COA

TYLER GRAHAM A/K/A TYLER LANE         APPELLANT
GRAHAM

v.

STATE OF MISSISSIPPI         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/16/2013 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TYLER GRAHAM (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MELANIE DOTSON THOMAS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/18/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ROBERTS AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. Tyler Graham appeals the Carroll County Circuit Court's denial of his motion for post-conviction relief (PCR). On appeal, Graham raises the following issues: (1) whether his claim that his attorney gave him incorrect advice about parole eligibility was time-barred; (2) whether he was entitled to any type of relief due to his attorney's incorrect advice about parole eligibility; (3) whether the circuit court failed to address his claim regarding intervening decisions of the United States Supreme Court; and (4) whether his convictions violated the Double Jeopardy Clause. Finding no error in the circuit court's denial of

Graham's PCR motion, we affirm.

**FACTS**

¶2.      On October 24, 2006, a grand jury indicted Graham for aggravated assault and armed robbery.  On November 20, 2006, Graham pled guilty to both charges, and the circuit court judge sentenced him to serve twenty years for Count I, aggravated assault, and twenty-five years for Count II, armed robbery, both in the custody of the Mississippi Department of Corrections, with the sentence in Count I to run concurrently with the sentence in Count II. On June 7, 2013, Graham filed his PCR motion, and on July 12, 2013, he filed a motion to vacate his conviction and sentence.

¶3.      The circuit court judge consolidated Graham's motions after finding that both motions sought to set aside Graham's convictions and sentences due to a violation of the Double Jeopardy Clause and incorrect advice from Graham's attorney regarding parole eligibility. In an opinion entered July 16, 2013, the circuit court judge found that Graham's assignments of error lacked merit and that his PCR motion was barred by the three-year statute of limitations.  *See* Miss. Code Ann. § 99-39-5(2) (Supp. 2014).  Aggrieved by the circuit court's ruling denying his PCR motion, Graham now appeals to this Court.

**STANDARD OF REVIEW**

¶4.      "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are 'clearly erroneous'; however, we review the circuit court's legal conclusions under a de novo standard of review." *Boyd v. State*, 65 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2011).

**DISCUSSION**

2

¶5. Because Graham entered a plea of guilty to the counts charged in his indictment, section 99-39-5(2) provides that he had three years from the entry of his judgment of conviction to file his PCR motion. The record reflects that the circuit court entered Graham's judgment of conviction on November 20, 2006. However, Graham failed to file his PCR motion until June 7, 2013, which fell well outside the three-year statute of limitations provided by section 99-39-5(2). Therefore, unless Graham can demonstrate that he meets an exception to the procedural bars of the Uniform Post-Conviction Collateral Relief Act (UPCCRA), his PCR motion is time-barred.

¶6. In previously addressing the UPCCRA's time bar, this Court stated:

> Section 99-39-5(2)(a)-(b) provides three exceptions to the general three-year statute of limitations. To be exempt, a movant must show one of the following: (1) an intervening decision of the United States Supreme Court or Mississippi Supreme Court; (2) new evidence, not reasonably discoverable at trial; or (3) his sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. However, the movant carries the burden of proving that one of the exceptions appl[ies].

*Bates v. State*, 126 So. 3d 990, 992 (¶8) (Miss. Ct. App. 2013) (internal citations omitted). "In addition to the statutory exceptions afforded by the [UPCCRA], we have provided that an exception to the procedural bars exists for errors affecting certain constitutional rights." *Rowland v. State*, 98 So. 3d 1032, 1036 (¶6) (Miss. 2012). However, "the mere assertion of a constitutional right violation is not sufficient to overcome the time bar. There must at least appear to be some basis for the truth of the claim before the limitation period will be waived." *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004).

> I. **Whether Graham's claim that his attorney gave him incorrect advice about parole eligibility was time-barred.**

**II. Whether Graham was entitled to any type of relief due to his attorney's incorrect advice about parole eligibility.**

¶7. In his first assignment of error, Graham contends that the circuit court erroneously held as time-barred his claim that he received incorrect parole-eligibility advice from his attorney. Graham argues that, because this claim of ineffective assistance of counsel concerns a constitutional-rights violation, the claim is excepted from the UPCCRA's procedural bars. Graham also argues in his second assignment of error that the circuit court erroneously found his claim of ineffective assistance of counsel failed to entitle him to any type of relief. Graham asserts that the circuit court should have held an evidentiary hearing before dismissing his claim. For the sake of brevity, we address together these two assignments of error regarding Graham's claim of ineffective assistance of counsel.

¶8. "Where a petitioner asserts a fundamental right, the courts must address the merits of the petition for [PCR] regardless of procedural bars." *Salter v. State*, 64 So. 3d 514, 517-18 (¶14) (Miss. Ct. App. 2010) (citing *Rowland v. State*, 42 So. 3d 503, 507-08 (¶12) (Miss. 2010)). In *Salter*, the defendant argued that his claims of ineffective assistance of counsel and an involuntary guilty plea were sufficient to invoke the fundamental-rights exception to the UPCCRA's procedural bars. *Id.* at 518 (¶14). However, this Court disagreed with the defendant's assertions, recognizing that "[t]he supreme court has held that claims of ineffective assistance of counsel and involuntary guilty pleas are indeed subject to the procedural bars." *Id.* (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)). We therefore held that the circuit court correctly dismissed the defendant's petition as a successive writ. *Id.* at (¶15).

¶9. After reviewing relevant caselaw and the facts in the record, we find no error in the circuit court's ruling that Graham's PCR motion was procedurally barred as untimely. Notwithstanding the time bar, however, we recognize that Graham's claim fails for other reasons. As the record reflects, Graham acknowledged under oath during his plea colloquy that he knew and understood the maximum punishment for both crimes charged in his indictment. Graham also stated under oath during the plea colloquy that he was completely satisfied with the representation provided by his attorney.

¶10. In addition to Graham's admissions during his plea colloquy, we recognize that Graham fails to support his allegation of ineffective assistance of counsel with any supporting affidavits. "Our appellate courts routinely hold that [PCR] claims of ineffective assistance are properly dismissed where the defendant offers only his affidavit in support of his allegations." *Edwards v. State*, 995 So. 2d 824, 826 (¶11) (Miss. Ct. App. 2008) (citations omitted). "A [PCR] motion unsupported by affidavits other than the petitioner's own fails to meet the pleading requirements of Mississippi Code Annotated section 99-39-9 [(Supp. 2014)] and, thus, is deficient on its face and properly dismissed without an evidentiary hearing." *Id.* at 826-27 (¶11) (citations omitted).

¶11. Based on the record and our applicable caselaw, we find no merit to Graham's assignments of error regarding his ineffective-assistance-of-counsel claim.

### III. Whether the circuit court failed to address Graham's claim regarding intervening decisions by the United States Supreme Court.

¶12. Graham next asserts that the circuit court failed to address his claim that two intervening decisions by the Supreme Court require review of his guilty plea and subsequent

5

convictions and sentences. Graham argues that, although the circuit court's opinion touched on his first two claims, the circuit court completely failed to recognize or address his claim regarding intervening Supreme Court decisions.

¶13. As reflected in the record, Graham cites *Padilla v. Kentucky*, 559 U.S. 356 (2010), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), to support his assertion that his attorney's incorrect advice regarding parole eligibility entitles him to relief. In *Padilla*, the Supreme Court found an attorney's performance deficient because the attorney failed to inform the defendant of the immigration consequences of his guilty plea. *Padilla*, 559 U.S. at 356. In *Frye*, the Supreme Court found an attorney's performance deficient because the attorney failed to inform the defendant of a formal offer to accept a plea on possibly more favorable terms and conditions before the offer's expiration. *Frye*, 132 S. Ct. at 1408.

¶14. In his opinion denying Graham's PCR motion, the circuit court judge acknowledged:

> On several occasions, it has been held that a criminal defendant [who] is given incorrect advice from his attorney concerning parole eligibility might be entitled to [PCR]. *Fairley v. State*, 834 So. 2d 704 (Miss. 2003); *Garner v. State*, 928 So. 2d 911 (Miss. [Ct.] App. 2006); *Thomas v. State*, 881 So. 2d 912 (Miss. [Ct. App.] 2004). This was the law at the time [Graham] entered his guilty pleas, and not some intervening appellate court decision that was rendered after [Graham] pleaded guilty.

The circuit court judge thus found "Graham's claim that he [was] entitled to have his convictions and sentences set aside, due to incorrect advice from his attorney concerning parole eligibility, to be barred" by the UPCCRA's three-year statute of limitations.

¶15. As previously discussed, we find no error in the circuit court's ruling that Graham's claims of ineffective assistance of counsel are time-barred. Despite Graham's assertions to the contrary, a review of *Padilla* and *Frye* fails to demonstrate that these cases impact the

6

outcome of Graham's convictions and sentences. As a result, we find no merit to Graham's argument that these two Supreme Court decisions constitute intervening caselaw requiring the reversal of his convictions and sentences.

### IV. Whether Graham's convictions violated the Double Jeopardy Clause.

¶16. Graham asserts that his convictions for armed robbery and aggravated assault violate the Double Jeopardy Clause. Graham argues that "violence to the victim's person" was a necessary element of both crimes, and he contends that his "conviction for two crimes based on the same single violent act[, which served] as a required element for both crimes, is a violation" of the Double Jeopardy Clause.[1]

¶17. In *Thomas v. State*, 930 So. 2d 1264, 1266 (¶5) (Miss. Ct. App. 2005), this Court found no merit to the defendant's claim that his convictions for armed robbery and aggravated assault, which were based on a single set of events, amounted to double jeopardy.[2] We recognized that Mississippi jurisprudence applies the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), to determine whether double

---

[1] As reflected in Graham's plea colloquy, the State was prepared to prove at trial that Graham hit the victim in the head multiple times, causing traumatic brain injury, a skull fracture, and multiple facial bone fractures. The State was further prepared to prove that Graham then left the victim in this injured condition and stole the victim's truck.

[2] To support his argument that his convictions violate the Double Jeopardy Clause, Graham cites *Rowland*, where the supreme court found that the defendant "was placed in double jeopardy when he was convicted of capital murder (killing while engaged in the commission of armed robbery) and the included offense of armed robbery . . . ." *Rowland*, 98 So. 3d at 1039 (¶14). Graham asserts on appeal that the circuit court relied on a string of pre-*Rowland* cases, including *Thomas*, to reach a generic holding that Graham's convictions failed to violate the Double Jeopardy Clause. Despite Graham's assertions, a review of *Rowland* confirms that our holding in *Thomas* and similar cases is still good law and was not overturned by the supreme court's decision in *Rowland*.

7

jeopardy applies to a defendant's claim. *Thomas*, 930 So. 2d at 1266 (¶6). "The *Blockburger* test states that 'a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" *Thomas*, 930 So. 2d at 1266 (¶6) (quoting *Blockburger*, 284 U.S. at 304).

¶18.    "In determining whether two charged offenses actually constitute but one crime, we look to the elements of each crime. Where one crime charged requires proof of an additional fact not required of the second charge, the charges are, in fact, two separate crimes." *Stovall*, 873 So. 2d at 1058 (¶10) (citing *State v. Thomas*, 645 So. 2d 931, 933 (Miss. 1994)). Furthermore, "Mississippi has long recognized that separate offenses, though committed under a common nucleus of operative fact, [do] not present a legal impediment to multiple prosecutions under the [D]ouble [J]eopardy [C]lause of both the federal and the state constitutions." *Henley v. State*, 749 So. 2d 246, 249 (¶12) (Miss. Ct. App. 1999) (citations omitted).

¶19.    As our precedent establishes, "[a]ggravated assault does not require the taking or attempt to take property. Armed robbery does not require an attempt to cause bodily injury." *Thomas*, 930 So. 2d at 1266 (¶9).[3] Based on our statutory law and previous caselaw, we find that each of Graham's charges required proof of an additional fact not required by the other charge. Therefore, Graham's convictions for armed robbery and aggravated assault clearly

---

[3] *See also* Miss. Code Ann. § 97-3-7(2) (Rev. 2006) (providing the elements required for aggravated assault); Miss. Code Ann. § 97-3-79 (Rev. 2006) (providing the elements required for armed robbery).

8

constituted two separate offenses. As a result, we find no merit to Graham's argument that his convictions for armed robbery and aggravated assault violate the Double Jeopardy Clause.

¶20. **THE JUDGMENT OF THE CARROLL COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CARROLL COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**