# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00481-COA

**DAVID PAYTON A/K/A DAVID R. PAYTON**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/17/2016 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | DAVID PAYTON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/14/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND TINDELL, JJ.**

**BARNES, J., FOR THE COURT:**

¶1. David Payton was indicted on June 27, 2008, of two counts of armed robbery and one count of receiving stolen property. The State moved to amend the indictment on November 16, 2009, to reflect Payton's habitual-offender status under Mississippi Code Annotated section 99-19-81 (Rev. 2007). The following day, November 17, Payton entered a guilty plea to Count II of the indictment, armed robbery. As part of a plea agreement with the State, the other two counts were remanded to the trial court's file and Payton's habitual-offender status was dropped. The Hinds County Circuit Court, First Judicial District, sentenced Payton to twenty-five years in the custody of the Mississippi Department of Corrections. Payton filed

several post-trial motions – a motion for reconsideration on December 9, 2009, a motion to dismiss on January 19, 2010, and a motion for records and transcripts on August 11, 2015 – all of which the trial court denied.

¶2. On March 16, 2016, Payton filed a motion for post-conviction relief (PCR), asserting ineffective assistance of counsel due to counsel's failure to inform him of certain plea offers prior to trial. Specifically, he asserted that before his hearing, the district attorney told Payton she had afforded him an opportunity to accept a plea offer of ten years. He claimed that his defense counsel never communicated that particular plea offer to him before it expired. Payton attached only his own affidavit in support of his claim. The trial court denied Payton's PCR motion as time-barred, and noted that Payton "failed to attach the necessary affidavits as required."

¶3. Aggrieved, Payton appeals the court's denial of his PCR motion. He has attached two affidavits to his appeal—a new affidavit by him dated October 13, 2016, and an affidavit by Kimberly Turner dated May 24, 2016. Turner's affidavit avers that two district attorneys visited her home, seeking to get a statement from her daughter regarding the armed robbery, and they commented that "it looked like Mr. Payton wasn't going to accept the [ten-]year plea bargain offer they were preparing for trial."

¶4. Finding Payton has failed to demonstrate any error by the trial court, we affirm.

## STANDARD OF REVIEW

¶5. In reviewing the denial of a PCR motion by a trial court, we "will only disturb the trial court's factual findings if they are clearly erroneous." *Kennedy v. State*, 179 So. 3d 82, 83

(¶5) (Miss. Ct. App. 2015) (citing *Doss v. State*, 19 So. 3d 690, 694 (¶5) (Miss. 2009)). "Matters of law, however, are reviewed de novo." *Id.*

## DISCUSSION

¶6.     Payton argues that he was denied his constitutional right to effective assistance of counsel because he was not informed by defense counsel of the ten-year plea offer by the State. Payton's PCR motion is time-barred as he pleaded guilty in 2009 and filed his first PCR motion in 2016, well after the three-year statute of limitations set forth in Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). Exempted from the time-bar are "cases in which the movant can demonstrate new evidence not available at trial, an intervening higher-court decision, or that the movant is being detained on an expired sentence." *Blount v. State*, 126 So. 3d 927, 931 (¶13) (Miss. Ct. App. 2013) (citing Miss. Code Ann. § 99-39-5(2)(a)-(b)). "In addition to these codified exceptions, our supreme court has deemed the procedural bars of the Uniform Post-Conviction Collateral Relief Act inapplicable to 'errors affecting fundamental constitutional rights.'" *Id.* (quoting *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010)).

¶7.     Payton argues that the intervening decisions, *Missouri v. Frye*, 566 U.S. 134 (2012), *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Padilla v. Kentucky*, 557 U.S. 962 (2009), exempt his claim of ineffective assistance of counsel from the procedural time bar.[1] In *Frye*, the United States Supreme Court established a specific framework for assessing deficiency and

---

[1] Under section 99-39-5(2)(a)(i), an intervening decision is one from the United States Supreme Court or the Mississippi Supreme Court "which would have actually adversely affected the outcome of his conviction or sentence."

3

prejudice in cases where a lawyer has allegedly failed to communicate a favorable plea offer, resulting in prejudice to the defendant. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. If the lawyer fails to communicate the offer, and it lapses, the attorney's performance is deemed deficient. *Id.* The question then becomes what prejudice, if any, resulted under the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 147.[2]

¶8.     Based on the record before the trial court, we can find no error in its determination that Payton's motion was procedurally barred. Payton failed to establish—either through his PCR motion or affidavit—that his defense counsel failed to communicate a plea offer to him. As noted, Payton attached only his own affidavit to his PCR motion. "A post-conviction-relief motion unsupported by affidavits other than the petitioner's own fails to meet the pleading requirements of Mississippi Code Annotated section 99-39-9 and, thus, is deficient on its face and properly dismissed without an evidentiary hearing." *Edwards v. State*, 995 So. 2d 824, 826-27 (¶11) (Miss. Ct. App. 2008); *see also Salter v. State*, 184 So. 3d 944, 951 (¶23) (Miss. Ct. App. 2015) ("In PCR cases, 'where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.'" (quoting *Brooks v. State*, 89 So. 3d 626, 628 (¶6) (Miss. Ct. App. 2011))).

---

[2] In *Padilla*, the Supreme Court held that defense counsel must advise his client as to "whether his plea carries a risk of deportation." *Padilla*, 559 U.S. at 374. In *Lafler*, the Supreme Court concluded that when counsel advises the defendant to reject a plea offer, prejudice may be established by showing that "the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163.

4

¶9.     On appeal, Payton attached Turner's affidavit to his appellate brief. Turner's affidavit states that in December 2009, two district attorneys came to her house to look for her daughter and mentioned that Payton was likely not going to accept a ten-year plea bargain.[3] Mississippi Code Annotated section 99-39-9(1)(e) (Rev. 2015) provides in part:

> Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the petitioner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.

Therefore, a petitioner's obligation to support his motion "with affidavits other than his own . . . may be excused by a showing that the petitioner has good cause for failing to obtain those affidavits." *Walden v. State*, 201 So. 3d 1042, 1045 (¶14) (Miss. 2016). Payton did not include Turner's affidavit with his PCR motion, and he failed to show good cause why her affidavit could not be obtained. Additionally, as her affidavit was not included in the record before the trial court, it is not properly before this Court. *See Brown v. State*, 965 So. 2d 1023, 1027 (¶12) (Miss. 2007) ("This Court will not consider matters that do not appear in the record, and it must confine its review to what appears in the record.") (quoting *Pulphus v. State*, 782 So. 2d 1220, 1224 (¶15) (Miss. 2001)).

¶10.    Accordingly, we affirm the judgment denying Payton's claim as time-barred.

¶11.    **AFFIRMED.**

---

[3] We note that the date of the alleged statement by the district attorney, December 2009, occurred after Payton had entered his guilty plea. The State questions the veracity of the claims in Turner's affidavit, asserting that the affidavit was only presented after the trial court's denial of the PCR motion and was "some seven years after the events in question."

5

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**