ISHEE, J.,
for the Court:
¶ 1. In August 2005, Vincent N. Creppel pleaded guilty in the Jackson County Circuit Court to armed robbery and aggravated assault. He was sentenced to thirty years to be served day for day for the armed robbery and twenty years for the aggravated assault, all in the custody of the Mississippi Department of Corrections (MDOC), with the sentences ordered to run concurrently. In November 2010, Creppel filed a motion in the circuit court for post-conviction relief (PCR). The circuit court denied the PCR motion as being time-barred and without merit. Aggrieved, Creppel appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On October 4, 2003, Creppel accompanied his wife, Melissa Creppel (Melissa), to the home of Darrell Davis in Jackson County, Mississippi, to retrieve money from Davis. The record indicates Melissa knew where Davis lived because he had allowed her to stay at his house on several occasions in an attempt to help her with her drug-addiction problems.
¶ 3. Creppel testified he had been drinking and was on various prescription and illegal drugs while at Davis’s house. While there, Melissa told Creppel that she had engaged in a sexual relationship with Davis in exchange for drugs. Creppel stated that after hearing this, he started to drink heavily. Sometime later, as Creppel and Melissa began to exit the home, Crep-pel grabbed a four-inch lock-blade knife from Davis and stabbed Davis forty-two times. Melissa then searched Davis’s body and found $21 on his person, which she stole. Davis was sent to the hospital with severe injuries. His injuries, coupled with Davis’s pre-existing scoliosis, rendered him wheelchair-bound following the incident.
¶ 4. Shortly thereafter, Creppel was indicted for armed robbery and aggravated assault. However, the State later made an entry of nolle prosequi on the indictment, after concluding the indictment was “vague as to the specific allegations of wrongdoing.” A Jackson County grand jury was reconvened, and another, more specific, indictment was returned for Creppel’s violations. On August 2, 2005, Creppel pleaded guilty in the circuit court to armed robbery and aggravated assault.
¶ 5. The circuit court held a guilty-plea hearing, wherein Creppel was thoroughly questioned about the events of the crimes and his understanding of the consequences of pleading guilty to the crimes. The circuit court heard testimony from Creppel, his attorney, and the State. The circuit court also reviewed evidence that Creppel had previously been convicted in Louisiana of the violent crime of forcible rape and had served ten years on the charge. The circuit court then sentenced Creppel to thirty years day for day for the armed robbery and twenty years for the aggravated assault, all in the custody of the MDOC, with the sentences ordered to run concurrently.
¶ 6. No direct appeal was filed after the judgment was entered. However, on November 24, 2010, Creppel filed the instant PCR motion with the circuit court. Approximately one month later, the circuit court denied the PCR motion. In its order, the circuit court noted that Creppel’s PCR motion was time-barred, having been filed outside of the three-year statute of limitations without evidence of meeting an exception to the statutory time bar. Nonetheless, the circuit court reviewed the record and Creppel’s claims and concluded Creppel’s PCR motion also lacked merit.
*1129 ¶ 7. Creppel now appeals, asserting his indictment was invalid; his guilty plea was involuntarily and unknowingly made; he received ineffective assistance of counsel; and he was never properly convicted. We affirm the circuit court’s judgment.
DISCUSSION
¶ 8. PCR motions are controlled by Mississippi Code Annotated section 99-39-5 (Supp.2011). Section 99-39-5(2) allows a prisoner three years from the date his direct appeal was ruled upon, the last date he could appeal his conviction or sentence, or the date he entered his guilty plea to request post-conviction relief. After the three years has expired, only certain cases are excepted from the statutory bar. Circumstances exempting PCR motions from the three-year statute of limitations include:
That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the movant’s] conviction or sentence or that [the mov-ant] has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or [t]hat, even if the [movant] pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the [movant] would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole[,] or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
Miss.Code Ann. § 99-39-5(2)(a)-(b).
¶ 9. Here the record shows Creppel pleaded guilty on August 2, 2005. He filed his PCR motion on November 24, 2010— over five years after he had entered his guilty plea. Having reviewed his PCR motion and the record, it appears Creppel has failed to acknowledge the three-year statute of limitations. His brief neither addresses the question of the statutory bar, nor does it provide any argument or evidence that his PCR motion should be exempted from the statutory bar. Likewise, we see nothing in the record that would negate application of the statute of limitations to Creppel’s PCR motion. As such, we cannot find error in the circuit court’s determination that Creppel’s PCR motion is time-barred. Because the statutory bar to Creppel’s PCR motion is dis-positive to his arguments on appeal, we decline to address his claims on the merits. We affirm the circuit court’s judgment.
¶10. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR. MYERS, J., NOT PARTICIPATING.