# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01188-COA

VINCENT N. CREPPEL A/K/A VINCENT NICHOLAS CREPPEL A/K/A VINCENT CREPPEL

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/06/2015 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | VINCENT N. CREPPEL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/23/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., CARLTON AND GREENLEE, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     Vincent N. Creppel appeals the Jackson County Circuit Court's dismissal of his motion for postconviction relief (PCR).  Upon review, we find no error in the trial court's judgment, and we therefore affirm.

### FACTS

¶2.     This case addresses the trial court's dismissal of Creppel's second PCR motion.  The underlying facts show that on October 4, 2003, Creppel and his wife, Melissa Creppel, went to the home of Darrell Davis in Jackson County, Mississippi, to retrieve money from Davis.

According to Creppel and the record below, Melissa knew where Davis lived because Davis had allowed Melissa to stay at his house on several occasions in an attempt to help her with her drug-addiction problems. Creppel testified that while at Davis's home, he drank alcohol and consumed various prescription and illegal drugs. Melissa informed Creppel that she had engaged in a sexual relationship with Davis in exchange for drugs. Creppel stated that in response to this information, he started to drink heavily. Later, as Creppel and Melissa began to exit Davis's home, Creppel grabbed a knife from Davis and stabbed Davis forty-two times. Melissa then searched Davis's body and found $21 on his person, which she stole. Davis's severe injuries left him wheelchair-bound.

¶3. In July 2005, the grand jury indicted Creppel for armed robbery and aggravated assault.[1] On August 2, 2005, Creppel pleaded guilty in the Jackson County Circuit Court to both of these charges. The trial court sentenced Creppel to thirty years to be served day for day for armed robbery, and twenty years for aggravated assault, all in the custody of the Mississippi Department of Corrections (MDOC), with the sentences ordered to run concurrently. Creppel filed no direct appeal after the entry of the judgments.

¶4. On November 24, 2010, over five years after entering his guilty pleas, Creppel filed a PCR motion. The trial court denied the PCR motion as time-barred, having been filed outside of the three-year statute of limitations without any evidence of meeting an exception to the statutory time-bar. The trial court also reviewed the record and Creppel's claims, and concluded that Creppel's PCR motion also lacked merit.

---

[1] The grand jury indicted both Creppel and Melissa for armed robbery and aggravated assault.

¶5.　Creppel then appealed the trial court's denial of his PCR motion, asserting that "his indictment was invalid; his guilty plea was involuntarily and unknowingly made; he received ineffective assistance of counsel; and he was never properly convicted." *Creppel v. State*, 75 So. 3d 1127, 1129 (¶7) (Miss. Ct. App. 2011).　On appeal, this Court affirmed the trial court's denial of Creppel's PCR motion, explaining

> Creppel pleaded guilty on August 2, 2005.　He filed his PCR motion on November 24, 2010—over five years after he had entered his guilty plea. Having reviewed his PCR motion and the record, it appears Creppel has failed to acknowledge the three-year statute of limitations.　His brief neither addresses the question of the statutory bar, nor does it provide any argument or evidence that his PCR motion should be exempted from the statutory bar. Likewise, we see nothing in the record that would negate application of the statute of limitations to Creppel's PCR motion.　As such, we cannot find error in the circuit court's determination that Creppel's PCR motion is time-barred. Because the statutory bar to Creppel's PCR motion is dispositive to his arguments on appeal, we decline to address his claims on the merits.

*Id*. at (¶9).

¶6.　On August 27, 2015, Creppel filed a second PCR motion.[2]　The trial court dismissed it, finding the motion time-barred.　The trial court's order of dismissal reflected that

> more than three years have elapsed [since the guilty plea;] therefore, the court is without jurisdiction to entertain this petition. However, having reviewed the record and petition, it is clear to the court that no relief would be afforded the petitioner.　The record is void of any mistake that would cause the court to revisit this conviction or sentence.

*See also* Miss. Code Ann. § 99-39-5(2) (Rev. 2015).

---

[2] In his PCR motion, Creppel asserted that he also filed a PCR motion on February 13, 2012; however, that PCR motion does not appear in the record before us.

¶7. Creppel then filed a notice of appeal of the trial court's dismissal of his PCR motion.[3] On appeal, Creppel raises the following assignments of error: (1) the trial court possessed no factual basis to accept Creppel's guilty plea; (2) the trial court erred in informing Creppel that he could receive the maximum sentence for the charges against him; (3) the indictment failed to charge Creppel with an essential element of the crime of armed robbery; (4) the State failed to show that Creppel was guilty of armed robbery; (5) the trial court erred in failing to conduct an evidentiary hearing before denying his PCR motion.

## STANDARD OF REVIEW

¶8. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Jackson v. State*, 178 So. 3d 807, 809 (¶8) (Miss. Ct. App. 2014).

## DISCUSSION

¶9. The record reflects that Creppel filed the PCR motion at issue (his second PCR

---

[3] The record reflects that on July 31, 2015, Creppel filed a motion for leave to proceed on appeal to the Mississippi Supreme Court. The record does not contain an order from the supreme court ruling on this motion. Regardless, the supreme court has held that when "there has been no direct appeal of his conviction or sentence, [the petitioner] must file his PCR motions in the trial court." *See Jackson v. State*, 67 So. 3d 725, 730 (¶18) (Miss. 2011); *see also Payton v. State*, 89 So. 3d 73, 75-76 (¶17) (Miss. Ct. App. 2011). The supreme court explained that "absent either (1) a direct appeal of a conviction that is affirmed or dismissed followed by a [Mississippi Code Annotated] section 99-39-7 [(Rev. 2015)] application or (2) an appeal from a circuit court's judgment denying or dismissing a PCR motion, it is without jurisdiction to entertain PCR matters." *Lewis v. State*, 181 So. 3d 310, 314 (¶14) (Miss. Ct. App. 2015) (citing *Jackson*, 67 So. 3d at 731 (¶¶20-22)). As a result, Creppel did not need to obtain permission from the supreme court to bring another PCR action. *See Payton*, 89 So. 3d at 75-77 (¶¶17-21).

motion) on August 27, 2015, just over ten years after being convicted upon his plea of guilty to armed robbery and aggravated assault on August 2, 2005. In dismissing this PCR motion as time-barred, the trial court explained that "more than three years have elapsed [since the guilty plea;] therefore, the court is without jurisdiction to entertain this petition."

¶10.    Section 99-39-5(2) requires that "[a] motion for relief under this article shall be made . . . in case of guilty plea, within three (3) years after entry of the judgment of conviction." The failure to file a PCR motion within this three-year statute of limitations acts as a procedural bar. *Brandon v. State*, 108 So. 3d 999, 1004 (¶12) (Miss. Ct. App. 2012).[4] However, several statutory and judicially created exceptions to the legislatively imposed time-bar exist. Section 99-39-5(2)(a)-(b) exempts from the time-bar cases in which the movant can demonstrate:

> (a)(i)    That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or
>
> (ii)    That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
>
> (b)    Likewise excepted are those cases in which the petitioner claims that

---

[4] *See also Stokes v. State*, 145 So. 3d 1238, 1240 (¶10) (Miss. Ct. App. 2014).

5

his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

¶11. "In addition to the statutory exceptions afforded by the [Uniform Postconviction Collateral Relief Act], we have provided that an exception to the procedural bars exists for errors affecting certain constitutional rights." *Rowland v. State*, 98 So. 3d 1032, 1036 (¶6) (Miss. 2012). The movant possesses the burden to prove an exception to the three-year statute of limitation applies. *Blount v. State*, 126 So. 3d 927, 931 (¶14) (Miss. Ct. App. 2013).

¶12. Upon review of the trial court's dismissal of Creppel's PCR motion, we find that Creppel fails to assert that any statutory exemption to the three-year statute of limitations for filing a PCR motion applies to his case. As a result, the trial court properly found that Creppel's PCR motion was time-barred.

¶13. The trial court also determined, after reviewing the record and Creppel's PCR motion, that "it is clear to the court that no relief would be afforded the petitioner. The record is void of any mistake that would cause the court to revisit this conviction or sentence." Regarding Creppel's assignments of error on appeal before us, we recognize that "a knowing and voluntary guilty plea waives certain constitutional rights, among them[,] the privilege against self-incrimination, the right to confront and cross-examine the State's witnesses, the right to a jury trial, and the right to have the State prove each element of the offense beyond a reasonable doubt." *Joiner v. State*, 61 So. 3d 156, 158 (¶7) (Miss. 2011). This Court previously found in *Creppel*, 75 So. 3d at 1128 (¶5), that at the guilty-plea hearing the trial

6

court throughly questioned Creppel "about the events of the crimes and his understanding of the consequences of pleading guilty to the crimes." We further recognize that "[a] defendant's valid guilty plea also waives all nonjurisdictional defects or insufficiencies in the indictment." *Scurlock v. State*, 147 So. 3d 894, 896 (¶9) (Miss. Ct. App. 2014).[5]

¶14. Additionally, a trial court "may dismiss a [PCR] motion . . . without an evidentiary hearing where it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *Pickle v. State*, 115 So. 3d 896, 899 (¶12) (Miss. Ct. App. 2013); *see* Miss. Code Ann. § 99-39-11(2) (Rev. 2015). We also acknowledge that the record reflects that in the present case, it appears that Creppel failed to request an evidentiary hearing until after the trial court dismissed his PCR motion.

¶15. The record reflects that in his November 2010 PCR motion, Creppel asserted "his indictment was invalid; his guilty plea was involuntarily and unknowingly made; he received ineffective assistance of counsel; and he was never properly convicted." *Creppel*, 75 So. 3d at 1129 (¶7). In that case, this Court affirmed the trial court's dismissal of Creppel's PCR motion as time-barred. *Id*. at (¶9). The *Creppel* court explained that Creppel filed his PCR motion over five years after he had entered his guilty plea, and on appeal, his brief failed to "provide any argument or evidence that his PCR motion should be exempted from the statutory bar. Likewise, we see nothing in the record that would negate application of the

---

[5] *See also Graham v. State*, 151 So. 3d 242, 246 (¶8) (Miss. Ct. App. 2014) (Claims of ineffective assistance of counsel and involuntary guilty pleas are subject to the procedural bars.).

7

statute of limitations to Creppel's PCR motion." *Id*. This Court further held that "[b]ecause the statutory bar to Creppel's PCR motion is dispositive to his arguments on appeal, we decline to address his claims on the merits." *Id*.

¶16. Similarly, because we find that the trial court properly dismissed Creppel's present PCR motion as time-barred, we decline to address the issues Creppel raises in his brief. *See McGriggs v. State*, 117 So. 3d 626, 629 (¶11) (Miss. Ct. App. 2012); *Taylor v. State*, 102 So. 3d 324, 326 (¶9) (Miss. Ct. App. 2012). After our review of the record and claims in Creppel's PCR motion, we find that the trial court did not err in dismissing Creppel's motion.

¶17. **THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**