## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2016-CP-00760-COA

**DOUGLAS LEE TOMLIN A/K/A DOUGLAS TOMLIN**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                      APPELLEE

DATE OF JUDGMENT:              11/09/2016
TRIAL JUDGE:                          HON. KATHY KING JACKSON
COURT FROM WHICH APPEALED:   JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       DOUGLAS LEE TOMLIN (PRO SE)
ATTORNEY FOR APPELLEE:        ABBIE EASON KOONCE
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 09/04/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., WILSON AND TINDELL, JJ.

### IRVING, P.J., FOR THE COURT:

¶1.     Douglas Lee Tomlin appeals the dismissal of his motion for post-conviction relief (PCR) by the Circuit Court of Jackson County.  Because we find that his PCR motion was untimely, we affirm its dismissal.

### FACTS

¶2.     Tomlin was indicted on June 14, 2007, by a Jackson County grand jury for one count of capital murder and one count of possession of a weapon by a convicted felon.  Pursuant to a plea agreement, the State agreed to nolle prosequi the latter charge, and Tomlin agreed to plead guilty to capital murder.  During the plea hearing, conducted by the circuit court on

November 2, 2007, Tomlin stated that no one had promised him anything in exchange for his guilty plea, and that no one had threatened him to plead guilty. Additionally, the following conversation took place:

> COURT: All right. Mr. Tomlin, do you understand that charge of capital murder?
>
> TOMLIN: Yes, ma'am.
>
> COURT: Is that the charge you're now attempting to plead guilty to?
>
> TOMLIN: Yes, ma'am.
>
> COURT: What do you understand is the most you can get for that charge?
>
> TOMLIN: The death penalty.
>
> TOMLIN'S COUNSEL: Your Honor –
>
> COURT: If done by a jury.
>
> TOMLIN'S COUNSEL: By the jury.
>
> COURT: If done by this [c]ourt, what do you understand the maximum to be?
>
> TOMLIN: Life without.
>
> COURT: Life in the Mississippi Department of Corrections without parole?
>
> TOMLIN: Yes, ma'am.
>
> * * * *
>
> COURT: All right. Mr. Tomlin, what do you understand the State is going to recommend in your case?
>
> TOMLIN'S COUNSEL: Your Honor, the recommendation is life without parole, a fine and court cost, and the State to [nolle pros] Count II.
>
> COURT: And is that your understanding?

2

TOMLIN: Yes, ma'am.

＊ ＊ ＊ ＊

COURT: Mr. Tomlin, based upon your plea of guilty to this charge of capital murder, you're hereby sentenced to serve life in the Mississippi Department of Corrections. That sentence is to be served without any benefit of parole or early release. You are to serve every day of it or stay in the penitentiary until you die there.

¶3. Subsequently, the circuit court issued an order in which it sentenced Tomlin to life with the possibility of parole or other relief in the custody of the Mississippi Department of Corrections (MDOC). A few days later, the court issued a second order that sentenced Tomlin to life without parole or any other relief in the custody of the MDOC.

¶4. On April 15, 2016—nearly nine years after he pleaded guilty—Tomlin filed a PCR motion, asserting two issues: (1) that his sentence was illegal because he had been told that he would be given a sentence of life *with* the possibility of parole upon pleading guilty to capital murder, and that he did not learn that he had actually been sentenced to life *without* the possibility of parole until he saw his inmate time sheet at the MDOC; and (2) that his plea of guilty had not been adequately "*Boykinized*"[1]—i.e., that it was not entered knowingly, voluntarily, or intelligently. Tomlin also argued that he was confused by the court's issuance of the two sentencing orders.

¶5. On November 9, 2016, the circuit court dismissed Tomlin's PCR motion on the basis that it was time-barred under Mississippi Code Annotated section 99-39-3 (Rev. 2015). Notwithstanding the time bar, the court provided the following:

---

[1] *Boykin v. Alabama*, 395 U.S. 238 (1969).

3

[H]aving reviewed the record and the [m]otion, it is clear to the [c]ourt that no relief would be afforded the petitioner. Tomlin answered affirmatively each time the [c]ourt inquired of his understanding of the State's plea recommendation and his parole ineligibility and was, therefore, fully aware of the sentence to be imposed. The record is void of any mistake that would cause the [c]ourt to revisit this conviction or sentence.

¶6. Tomlin now appeals, arguing (1) that he agreed to a guilty plea on the basis of receiving a sentence of life *with* the possibility of parole, and that the court records sustain such an agreement; and (2) that the sentencing court did not have authority to pronounce any term that the jury did not recommend. The State, in response, maintains that Tomlin's PCR motion was properly dismissed as untimely because Tomlin filed it nine years after he was convicted. Further, the State asserts that Tomlin's PCR motion has no merit because (1) Tomlin's guilty plea was knowing and voluntary, and (2) the trial court had the authority to sentence Tomlin as it did.

## DISCUSSION

¶7. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Creppel v. State*, 199 So. 3d 715, 718 (¶8) (Miss. Ct. App. 2016).

¶8. Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) provides that, in the case of a guilty plea, a PCR motion must be brought "within three (3) years after entry of the judgment of conviction." Section 99-39-5(2) provides some exceptions to this three-year time bar, including where the petitioner can demonstrate either:

(a)(i) That there has been an intervening decision of the Supreme Court of

4

either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or

(ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

Further, "[i]n addition to the statutory exceptions afforded by [section 99-39-5(2)], we have provided that an exception to the procedural bars exists for errors affecting certain constitutional rights." *Creppel*, 199 So. 3d at 719 (¶11). "The movant possesses the burden to prove [that] an exception to the three-year statute of limitation applies." *Id*.

¶9. As stated, Tomlin filed his PCR motion on April 15, 2016—nearly nine years after he pleaded guilty on November 2, 2007. As the State points out, Tomlin makes no argument as to any exception allowing for his time-barred PCR motion to survive the procedural bar and does not present any evidence that his fundamental constitutional rights have been violated. Given these facts, we find that Tomlin's PCR motion was properly dismissed as time-barred.

¶10. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**