# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01418-COA

**SIDNEY A. HUGGINS A/K/A SIDNEY HUGGINS A/K/A SID**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/19/2018 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SIDNEY A. HUGGINS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA McCLINTON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/18/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., GREENLEE AND TINDELL, JJ.

### TINDELL, J., FOR THE COURT:

¶1. On August 22, 2003, Sidney Huggins pled guilty to armed robbery. On December 5, 2003, the Madison County Circuit Court sentenced him to forty years in the custody of the Mississippi Department of Corrections (MDOC), with twenty years suspended and twenty years to serve. On February 13, 2017, Huggins filed an unsuccessful post-conviction relief (PCR) motion, arguing that newly discovered evidence existed by way of his co-defendant's affidavit and that he had received ineffective assistance of counsel. Huggins now appeals from the circuit court's dismissal of his PCR motion as time-barred. Finding no error, we affirm the circuit court's dismissal of Huggins's PCR motion.

**FACTS AND PROCEDURAL HISTORY**

¶2. On October 31, 2002, a Madison County grand jury indicted Huggins for one count of armed robbery. Huggins pled guilty on August 22, 2003, and on December 9, 2003, the circuit court sentenced him to forty years in MDOC custody, with twenty years suspended and twenty years to serve. Huggins's sentence was set to run concurrently with a sentence that he was already serving in Hinds County.

¶3. On February 13, 2017, Huggins filed a PCR motion with the circuit court and argued that (1) newly discovered evidence existed by way of his co-defendant's affidavit, and (2) he received ineffective assistance of counsel. Huggins also moved for an evidentiary hearing on his PCR motion. On September 13, 2018, the circuit court found that an evidentiary hearing was unnecessary in the matter, and pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), the circuit court dismissed Huggins's PCR motion as untimely. Aggrieved, Huggins appeals.

**STANDARD OF REVIEW**

¶4. "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous. When reviewing questions of law, our standard is de novo." *Ware v. State*, 258 So. 3d 315, 317-18 (¶7) (Miss. Ct. App. 2018).

**ANALYSIS**

**I. Procedural Bar**

¶5. Huggins argues on appeal that the circuit court erroneously dismissed his PCR motion

as time-barred. "Under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), a movant has three years to file a PCR motion, and failure to file a PCR motion within the three years is a procedural bar." *Franklin v. State*, 203 So. 3d 9, 10 (¶5) (Miss. Ct. App. 2016). As stated, Huggins pled guilty to armed robbery on August 22, 2003, and he was sentenced on December 9, 2003. He filed his PCR motion on February 13, 2017—more than thirteen years after his conviction and sentence. Therefore, Huggins's PCR motion is time-barred.

## II.     Exceptions

¶6.     Notwithstanding the procedural bar, Huggins asserts that his claim of newly discovered evidence presents an exception. Section 99-39-5(2)(a)(i) includes a newly-discovered-evidence exception to the three-year statute of limitations. The Mississippi Supreme Court has held that this exception applies to cases in which the defendant pleads guilty. *See Chancy v. State*, 938 So. 2d 251, 252-53 (¶4) (Miss. 2006). To qualify for the exception, Huggins must show "that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial[,] it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-5(2)(a)(i); *Tomlin v. State*, 269 So. 3d 1232, 1235 (¶8) (Miss. Ct. App. 2018).

¶7.     Huggins argues that he presented newly "discoverable" evidence in his PCR motion by attaching the affidavit of his co-defendant, Curtis Calhoun. However, this argument fails for several reasons. In his affidavit, Calhoun states:

> Nevertheless, I swear under oath that Mr. Huggins is truly "[i]nnocent," because he had no knowledge of what was happening before it happened, and **after Mr. Singleton, Mr. Huggins and I were apprehended, I tried numerous times to take full responsibility for this crime, but Mr. Huggins's attorney, Mr. Nathan Elmore[,] would not take my statement.**

(Emphasis added). Huggins offers no explanation as to how he discovered this information or why this information was not readily discoverable at trial, which we have found weighs in favor of the procedural bar. *See Kennedy v. State*, No. 2016-CP-00755-COA, 2019 WL 1349682, at *7 (¶¶35-36) (Miss. Ct. App. Mar. 26, 2019), *cert. denied*, 279 So. 3d 1087 (Miss. 2019); *Johnson v. State*, 39 So. 3d 963, 966 (¶¶11-12) (Miss. Ct. App. 2010). In fact, Calhoun's affidavit itself makes it clear that his statement was readily discoverable prior to Huggins's guilty plea because Calhoun stated that he tried numerous times to take responsibility for the armed robbery after he and Huggins were apprehended.

¶8. In addition, the record reflects that Huggins swore under oath, by way of his plea petition and guilty plea, that he understood the facts and allegations against him, he agreed with those facts and allegations, and he admitted that he was guilty of the crime. Again, we have held this factor weighs in favor of the procedural bar. *See Kennedy*, 2019 WL 1349682, at *7 (¶36); *Johnson*, 39 So. 3d at 965-66 (¶¶7-12).

¶9. Lastly, in his affidavit, Calhoun swears under oath and "to the best of [his own] belief and knowledge" that Huggins "had no knowledge of what was happening before it happened." In other words, Calhoun's affidavit attempts to testify as to Huggins's personal knowledge, which is something that only Huggins can attest to. Such testimony is speculative, as Calhoun cannot rightfully testify as to what exactly Huggins knew prior to the

crime. Based upon these foregoing reasons, Huggins's newly-discoverable-evidence argument lacks merit.

¶10. Huggins also argues that he received ineffective assistance of counsel, which he argues constitutes a fundamental-rights exception to the procedural bar. "The supreme court has held that claims of ineffective assistance of counsel . . . are indeed subject to the procedural bars." *Salter v. State*, 64 So. 3d 514, 518 (¶14) (Miss. Ct. App. 2010) (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)). Mere assertions of a fundamental constitutional-rights violation or an ineffective-assistance-of-counsel claim fail to qualify for an exception to the procedural bar. *See Mays v. State*, 228 So. 3d 946, 948 (¶5) (Miss. Ct. App. 2017). Instead, Huggins must prove that some basis of truth exists for his claim. *Id.*

¶11. Here, Huggins makes only mere assertions to support his ineffective-assistance-of-counsel argument. Huggins provides no proof of his claim, and nothing in the record suggests that his counsel's performance was deficient. Therefore, Huggins fails to prove that he meets the requirements necessary to invoke a fundamental-rights exception, and this argument is likewise without merit. As such, Huggins's PCR motion remains procedurally barred.

### III. Evidentiary Hearing

¶12. Finally, Huggins argues that the circuit court erred by summarily dismissing his PCR motion without first granting an evidentiary hearing. A circuit court possesses the authority to summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case, that

the movant is not entitled to relief[.]" Miss. Code Ann. § 99-39-11(2) (Rev. 2015); *Moore v. State*, 248 So. 3d 845, 848 (¶7) (Miss. Ct. App. 2017). "To be entitled to an evidentiary hearing, a [defendant] must demonstrate, by affidavit or otherwise, that there are unresolved issues of fact that, if concluded favorably to the [defendant], would warrant relief. This may not be accomplished through [the defendant's] own unsupported allegations." *Id*. at 849 (¶12) (citations and internal quotation marks omitted).

¶13. Again, Huggins makes nothing more than unsupported allegations that he was entitled to an evidentiary hearing. Nothing in the record indicates that any unresolved issues existed that would entitle Huggins to relief. Upon review, we agree with the circuit court that the record provides sufficient evidence to combat all of Huggins's claims. Therefore, an evidentiary hearing was not necessary.

## CONCLUSION

¶14. Upon review of the record, we find no error in the circuit court's dismissal of Huggins's PCR motion without an evidentiary hearing. Huggins's PCR motion is time-barred, and he has failed to prove that an exception applies. We therefore affirm the circuit court's judgment.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**