# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00734-COA

**VINCENT CREPPEL A/K/A VINCENT NICHOLAS CREPPEL A/K/A VINCENT NICHOLAS CREPPELL**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/25/2019 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | VINCENT CREPPEL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/27/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE, McDONALD AND McCARTY, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. In August 2005, Vincent N. Creppel pled guilty to armed robbery and aggravated assault. The Jackson County Circuit Court sentenced Creppel to serve thirty years day-for-day for the armed-robbery conviction and twenty years for the aggravated-assault conviction in the custody of the Mississippi Department of Corrections (MDOC). The circuit court ordered the sentences to run concurrently.

¶2. After the entry of judgment, Creppel filed multiple motions for post-conviction collateral relief (PCR) without success. *See Creppel v. State*, 75 So. 3d 1127 (Miss. Ct. App.

2011); *Creppel v. State*, 199 So. 3d 715 (Miss. Ct. App. 2016).[1]

¶3. In January 2019, Creppel filed this PCR motion, which the circuit court denied and dismissed. Creppel now appeals. Finding no error in the circuit court's judgment, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶4. On October 4, 2003, Creppel and his wife, Melissa Creppel (Melissa), went to the home of Darrell Davis in Jackson County, Mississippi, to retrieve money from Davis. Melissa knew where Davis lived because she had stayed there several times to receive help with her drug-addiction problem. Creppel testified he had consumed alcohol and taken various prescription and illegal drugs before arriving at Davis's home. While Creppel was under the influence, Melissa informed him that she had exchanged sexual acts with Davis for drugs. Creppel stated that after hearing that information, he consumed even more alcohol. Later, as Creppel and Melissa were leaving Davis's home, Creppel grabbed a four-inch lock-blade knife from Davis. Creppel proceeded to stab Davis forty-two times. Melissa then found $21 on Davis's person, which she stole.

¶5. Creppel was indicted shortly after for armed robbery and aggravated assault. On August 2, 2005, Creppel pled guilty in the Jackson County Circuit Court to both charges. During the plea hearing, Creppel was questioned extensively about the crimes, his understanding of the proceedings, and the consequences of entering a guilty plea. After accepting his pleas, the circuit court sentenced Creppel to serve thirty years for the armed-robbery conviction day-for-day and twenty years for the aggravated-assault in the custody

---

[1] Two of the PCR motions were denied and dismissed at the trial-court level, but it does not appear that the rulings were appealed.

of the MDOC. The court also ordered that the sentences run concurrently.

¶6.     In the last fourteen years, Creppel has filed multiple PCR motions. In 2008, he filed a PCR motion in the circuit court, which the circuit court denied.[2]

¶7.     Two years later, in November 2010, Creppel filed another PCR motion. He claimed that his indictment was invalid, his guilty plea was not knowing or voluntary, he received ineffective assistance of counsel, and he was not properly convicted. Having been filed outside the three-year statute of limitations, with no applicable exception to the statutory time-bar, the circuit court denied the PCR motion as time-barred and without merit. Creppel appealed to this Court, and this Court affirmed.[3] *Creppel*, 75 So. 3d at 1129 (¶9).

¶8.     Creppel filed another PCR motion in August 2015. The circuit court dismissed the motion, finding that it was time-barred, that the court lacked jurisdiction, and that there was no relief available for Creppel. Creppel again appealed to this Court. On appeal, he asserted (1) his guilty plea lacked a factual basis; (2) the circuit court erred by informing him that he could receive the maximum sentence for the charges against him; (3) the indictment failed to charge him with an essential element of the crime of armed robbery; (4) the State failed to show that he was guilty of armed robbery; and (5) the circuit court erred in failing to conduct an evidentiary hearing before denying his PCR motion. *Creppel*, 199 So. 3d at 720 (¶16). Without addressing the merits of Creppel's claims, this Court again affirmed the

---

[2] It is unclear what issues Creppel raised in his first PCR motion.

[3] This Court did not address the merits of Creppel's claims but instead found that he failed to acknowledge or address the statutory bar, nor did he meet an exception. *Creppel*, 75 So. 3d at 1129 (¶9).

circuit court's finding that Creppel's motion was time-barred and did not meet an exception. *Id*.

¶9. In January 2019, Creppel filed the instant PCR motion with the circuit court, claiming that his due process rights were violated and that he was subjected to double jeopardy. In February 2019, the circuit court denied the due process claim, finding it had not failed to rule on a psychiatric examination, nor did it fail to determine Creppel's competency; the court dismissed Creppel's double-jeopardy claim as successive-writ barred. Even though the circuit judge entered a final judgment in February 2019, Creppel did not receive notice until after filing an addendum to his PCR motion in early April 2019. Shortly after, on April 25, 2019, Creppel filed a motion to proceed out-of-time and a notice of appeal. On appeal, Creppel asserts that the circuit court erred (1) by failing to rule on the motion for a psychiatric examination; (2) by holding that the double-jeopardy claim is successive-writ barred; and (3) by not reviewing an addendum to his PCR motion.

**STANDARD OF REVIEW**

¶10. Absent a finding that the circuit court's decision was clearly erroneous or an abuse of its discretion, a circuit court's denial or dismissal of a PCR motion will not be reversed. *Lawrence v. State*, 293 So. 3d 848, 851 (¶6) (Miss. Ct. App. 2019). When reviewing issues of law, the proper standard of review is de novo. *Id.*

**DISCUSSION**

**I.      Procedural Bars**

¶11. Unless filed within three years after the judgment of conviction is entered, a PCR

motion following a guilty plea will be found untimely. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Therefore, a PCR motion filed outside the three-year period is procedurally barred. *Brandon v. State*, 108 So. 3d 999, 1004 (¶12) (Miss. Ct. App. 2013). There are exceptions to this statute of limitations, and the burden falls on the movant to prove that at least one of the exceptions is applicable. *Blount v. State*, 126 So. 3d 927, 931(¶14) (Miss. Ct. App. 2013). None of the exceptions in section 99-39-5(2) are applicable here.

¶12. Creppel filed this PCR motion nearly fourteen years after the entry of his judgment of conviction. He has failed to prove any of the statutory exceptions. Accordingly, his PCR motion is time-barred.

¶13. Furthermore, the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) bars a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). A movant must bring forth "all claims known to him and/or of which he should have had knowledge." *Lawrence v. State*, 293 So. 3d at 851 (¶10) (quoting *Salter v. State*, 184 So. 3d 944, 951 (¶24) (Miss. Ct. App. 2015)).

¶14. There being multiple previous PCR motions filed by Creppel, therefore this motion is also successive-writ barred.

## II. Due Process Violations

¶15. Creppel argues that his current PCR motion is not procedurally barred because his due process rights under the Fifth and Fourteenth Amendments were impeded. Specifically, he claims the circuit court erred by failing to hear or make a ruling on a prior motion to determine his competency.

¶16.    If errors have affected fundamental constitutional rights, an exception to the procedural bar exists, but a mere assertion of a constitutional violation does not automatically prevent the procedural bars. *See Sims v. State*, 227 So. 3d 1167, 1169 (¶¶7-8) (Miss. Ct. App. 2017). "There must at least appear to be some basis for the truth of the claim . . ." to overcome the statute of limitations. *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004).

¶17.    Due process mandates that the criminally accused be tried only if he is legally competent. *Bradley v. State*, 116 So. 3d 1093, 1095 (¶13) (Miss. Ct. App. 2013). A person who is unable to understand the proceedings against him, to communicate with his attorney, or aid in his defense may not stand trial. *Drope v. Missouri*, 420 U.S. 162, 171-72 (1975). Notably, whether there are "reasonable grounds" to consider incompetency falls within the discretion of the trial judge. *Harden v. State*, 59 So. 3d 594, 601 (¶14) (Miss. 2011).

¶18.    Before accepting Creppel's guilty plea on August 2, 2005, the circuit judge meticulously questioned Creppel regarding his understanding of the proceedings, the repercussions of his plea, the waiving of constitutional rights, and several mental and physical health questions. Specifically, the circuit court asked Creppel if he had "ever had or been treated for mental illness or [an] emotional disability." Creppel only acknowledged being treated for a mental issue once, after the passing of his brother. He did not mention the 2004 motion for a psychiatric examination, nor did he admit to any current mental problems. The circuit judge also asked Creppel to explain what exactly he was guilty of doing. Creppel gave a detailed description.

¶19.     A review of the circuit court transcript shows that nothing indicated Creppel was not competent to assist in his defense or to understand the proceedings and charges brought against him. Furthermore, it confirmed that Creppel acknowledged under oath his understanding of the terms of his sentence. We find that there was no due process violation and that Creppel fails to overcome the procedural bars.

### III.     Double Jeopardy

¶20.     In May 2004, a Jackson County grand jury indicted Creppel for armed robbery and aggravated assault. In July 2004, the case was re-presented to the grand jury because the first indictment was vague, and the specific allegations of the case were unknown. The grand jury returned a new indictment for armed robbery and aggravated assault. In 2005, Creppel pled guilty to the second indictment. Subsequently, the trial court granted a motion by the State to nolle prosequi the first indictment. Creppel claims that the trial court erred in allowing him to plead guilty while there were two active indictments.

¶21.     For the same crime, a second indictment can be returned against a person while the first indictment is active and pending; a criminal indictment is dismissed completely when a nolle prosequi is entered. *Payton v. State*, 41 So. 3d 713, 717 (¶12) (Miss. Ct. App. 2009). The dismissal is without prejudice, so the State is allowed to seek re-indictment. *Id*. In instances where there are two simultaneous indictments, the court must consider these questions: (1) "did [the defendant] actually [incur] any harm from having simultaneous indictments against him"; (2) "[w]as [the defendant] subject[ed] to multiple prosecutions in this case"; and (3) "[w]as [the defendant] aware of the grounds for the prosecution against

7

him?" *Mitchell v. State*, 792 So. 2d 192, 200 (¶25) (Miss. 2001).

¶22. A review of the record indicates that Creppel incurred no harm from having two active indictments against him. Creppel's plea hearing confirms that he was well aware that the State was pursuing an armed-robbery and aggravated-assault conviction under the second indictment. He did not proceed to trial, and the State subjected him to only one prosecution.

¶23. That being the case, until a jury is empaneled or sworn in or a judge receives evidence, jeopardy has not attached. *Deeds v. State*, 27 So. 3d 1135, 1139 (¶10) (Miss. 2009). "[T]he United States Supreme Court has consistently adhered to the view that jeopardy does not attach until 'the defendant is put to trial before the trier of the facts, whether the trier be a jury or a judge.'" *Id.* (quoting *United States v. Jorn*, 400 U.S. 470, 479 (1971)). Therefore, when a grand jury returns a second indictment, and the State moves the court to enter a nolle prosequi regarding the first indictment, there is no double jeopardy violation. *Mitchell*, 792 So. 2d at 199 (¶24).

¶24. Here, the trial court did not impanel or swear in a jury. Therefore, jeopardy regarding the first indictment never attached.

¶25. While the State asserts that Creppel's argument is a double jeopardy claim and successive-writ barred, Creppel adamantly insists that his claim violates due process. Regardless of which legal doctrine is applied, this issue is without merit.

### IV. Lack of Jurisdiction

¶26. Creppel claims that the circuit court erred by not considering the claims in the addendum to his PCR motion. Creppel filed his PCR motion with the circuit court in January

8

2019. The circuit court entered its final judgment on February 25, 2019. On April 4, 2019, Creppel filed an addendum to his PCR motion (Cause No. 2019-00, 006(1)), which was after the time for appeal had passed. Shortly after, on April 25, 2019, Creppel filed both a motion to proceed out-of-time and a notice of appeal.

¶27. If a defendant collaterally attacks a guilty plea, "the [circuit] court that sentenced the defendant possesses exclusive, original jurisdiction to hear and determine a petition for post-conviction relief." *Graham v. State*, 85 So. 3d 847, 850 (¶4) (Miss. 2012) (internal quotation marks omitted). It is well established, however, that "the filing of the notice of appeal perfect[s] the appeal and divest[s] the [circuit] court of jurisdiction." *Fox v. State*, 151 So. 3d 226 (¶19) (Miss. Ct. App. 2014); *see also McNeil v. Hester*, 753 So. 2d 1057, 1075 (¶68) (Miss. 2000) ("[T]he filing of a notice of appeal transfers jurisdiction of a matter from the [circuit] court to the appellate court, divesting the [circuit] court of authority to amend, modify, or reconsider its judgment.").

¶28. Although Creppel filed an addendum to his PCR motion, he filed a notice of appeal before the circuit court could consider the addendum. This action divested the circuit court of its jurisdiction. Since the circuit court lacked jurisdiction to consider Creppel's addendum, we are limited to review only what the court had before it. *See Graham*, 85 So. 3d at 850 (¶6) (holding that the circuit court had original jurisdiction and that until the circuit court determined the merits of [the defendant's] post-conviction relief motion, the appellate court lacked jurisdiction to do so). We find this issue without merit.

**CONCLUSION**

9

¶29. After reviewing the record, we find that Creppel's PCR motion is both time-barred and successive-writ barred. Since the circuit court lacked jurisdiction to consider Creppel's PCR addendum, we also lack jurisdiction to consider it. The circuit court's denial and dismissal of his PCR motion is affirmed.

¶30. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS AND McCARTY, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. LAWRENCE, J., NOT PARTICIPATING.**