# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01400-COA

MATTHEW LOVE                                                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                                              APPELLEE

DATE OF JUDGMENT:                    11/23/2020
TRIAL JUDGE:                         HON. BETTY W. SANDERS
COURT FROM WHICH APPEALED:           HINDS COUNTY CIRCUIT COURT,
                                     FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:              MATTHEW LOVE (PRO SE)
ATTORNEY FOR APPELLEE:               OFFICE OF THE ATTORNEY GENERAL
                                     BY: ALLISON ELIZABETH HORNE
NATURE OF THE CASE:                  CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                         AFFIRMED - 11/09/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE CARLTON, P.J., LAWRENCE AND EMFINGER, JJ.

## EMFINGER, J., FOR THE COURT:

## FACTS AND PROCEDURAL HISTORY

¶1.     On August 30, 2016, Matthew Love filed a petition for post-conviction collateral relief (PCR) in the Circuit Court of the First Judicial District of Hinds County, Mississippi. In his petition, Love alleges that he was tried and convicted of rape on August 16, 1994, and was sentenced to life in prison.[1] Love contends that he received ineffective assistance of counsel because his attorney failed to file a direct appeal of his conviction. While he does not

_____

[1] The typewritten form Love used states that he entered a plea of guilty to rape, but the handwritten portion states that he was tried and convicted.

specifically state the relief he was seeking, apparently, over twenty-two years later, Love is asking for an out-of-time appeal. On March 30, 2017, Love sent a letter to the circuit clerk inquiring about the status of his PCR petition. The circuit clerk filed a motion to dismiss Love's PCR petition for lack of prosecution on September 18, 2020, and Love responded. On October 9, 2020, the circuit judge entered an order finding that the PCR petition "state[d] a cause of action" and ordered the Hinds County district attorney to

1. File an Answer admitting or denying the truth of the allegations of the Petition within 30 days of the entry of the Order;
2. Attach as exhibits to the Answer any documentary evidence as may support Respondent's position to the issues as raised in the Petition and specifically informing the Court of the facts involved;
3. Conduct a thorough investigation and report, in writing attached to the Answer, the results of its investigation. The report shall contain copies of all relevant documents involved in this matter, to include the indictment and sentencing order;
4. That any testamentary reports be made under oath, or, in the case of testamentary evidence reflected in a transcript, that such reports be otherwise certified as true and correct;
5. The Answer shall restate in separate paragraphs the allegations of the Petition. Each restated paragraph shall be followed by Respondent's answer thereto.

The State filed its response on November 13, 2020, asserting multiple affirmative defenses and purportedly addressing the allegations of the PCR petition. The circuit court dismissed Love's PCR petition by order dated November 23, 2020. The circuit court found that Love had failed to carry his burden to prove ineffective assistance of counsel, exceptions to the procedural bar, or any of his other allegations.[2] Love responded to the circuit court's order

---

[2] In the March 30, 2017 letter from Love that was filed on April 4, 2017 (as MEC Doc. #6), Love raised several questions about his conviction that had not been raised in his original motion.

with a handwritten letter. The circuit court treated the letter as a motion for reconsideration and denied relief. Aggrieved by that decision, Love appealed from the circuit court's order.

## STANDARD OF REVIEW

¶2. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018) (quoting *Berry v. State*, 230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017)), *cert. dismissed*, 263 So. 3d 667 (Miss. 2019).

## ANALYSIS

¶3. It is unclear from the record on appeal what documents the circuit court relied upon to enter the order dismissing the PCR petition. There are no records from the underlying criminal file in the record on appeal. However, the PCR petition must ultimately fail because it is procedurally barred. Mississippi Code Annotated section 99-39-5(2) (Rev. 2020) provides:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, **in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired**, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

(Emphasis added).

¶4. Love contends that he received ineffective assistance of counsel because, among other reasons, his attorney failed to timely perfect a direct appeal of his conviction. In *Kelly v.*

3

*State*, 306 So. 3d 776, 778-79 (¶9) (Miss. Ct. App. 2020), this Court said:

> We recognize that certain fundamental rights—including, in "extraordinary circumstances," the right to effective assistance of counsel—are excepted from the UPCCRA's procedural bars. *See Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015) (finding "lack of a direct appeal, lack of a court record, . . . attorney's . . . failure to obtain a transcript, [and] lack of appellate review of the merits of . . . [movant's] claims" to be extraordinary circumstances warranting exception from PCR time-bar); *accord Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). But Kelly offers no evidence to substantiate any "extraordinary circumstance" that would explain his failure to assert his PCR claims within the statutory three-year time limitation.

(Footnote omitted). Likewise, in the present case, Love fails to identify any "extraordinary circumstance" that prevented him from filing his PCR petition claiming ineffective assistance of counsel within the three-year period. It is Love's burden to prove such an "extraordinary circumstance." *Creppel v. State*, 199 So. 3d 715, 719 (¶11) (Miss. Ct. App. 2016). Having failed to do so, Love's claim of ineffective assistance is time-barred.

¶5.    Love alleges for the first time in his brief that he is entitled to DNA testing. This argument is also procedurally barred. "[A]n issue is procedurally barred if not first raised in a PCR motion before a [circuit] court." *Taylor v. State*, 313 So. 3d 1106, 1111 (¶15) (Miss. 2021) (citing *McLaurin*, 114 So. 3d 811, 813 (¶4) (Miss. Ct. App. 2013)). Nevertheless, aside from the fact that there is nothing in the record that would show that Love preserved this argument for appeal, he would only be entitled to DNA testing if

> there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

Miss. Code Ann. § 99-39-5(2)(a)(ii). "Motions brought under this section are excepted from the three-year time-bar, but only where 'the petitioner can demonstrate' that there is DNA evidence to test and that the results of the testing would produce a more favorable result." *Lofton v. State*, 313 So. 3d 528, 531 (¶11) (Miss. Ct. App. 2021). Like Lofton, Love has failed to show that such DNA evidence even exists much less that "the results of the testing would produce a more favorable result." *Id.*

## CONCLUSION

¶6. Love bore the burden of proving that he satisfied some exception to the procedural bar. The circuit court found that he failed to meet this burden. We agree.

¶7. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. BARNES, C.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**